FROERER AHLSTROM, PLLC
**Zane S. Froerer (#10807)**
2610 Washington Blvd.
Ogden, Utah 84401
Telephone: 801-389-1533
Zane.Froerer@froererlaw.com

Attorneys for *Plaintiff*s

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | | |
|---|---|---|
| TRACY REGAN,<br>DENNIS REGAN, and<br>TRENT REGAN,<br><br>       Plaintiffs,<br><br>   vs.<br><br>EAST BENCH MANAGEMENT, INC., and,<br>THAINE FISCHER<br><br>       Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | **FIRST AMENDED COMPLAINT**<br><br>(Jury Demanded)<br><br>Case No. 1:11-CV-00110 TS |

COME NOW, the Plaintiffs, by and through their attorney, Zane S. Froerer of Froerer
Ahlstrom, PLLC, and allege as follows:

### I.       PARTIES

1.      The Plaintiffs are individuals who invested in real property upon the advice and direction

   of Thaine Fischer.

2.      The Defendant East Bench Management, Inc., (East Bench) is a company doing business

   in the State of Utah.

3.      The Defendant Thaine Fischer is an individual residing in Weber County, State of Utah.

## II.   JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to 28 U.S.C. 1331.  The plaintiff alleges violations of

federal securities laws under Section 20(a) of the Securities Act (codified at 15 U.S.C. §

77v(a)) and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

5.      Venue is proper in the District of Utah under 28 U.S.C. § 1391(b)(2) because the property

which is the subject of this action is located in Utah.  Venue is also proper in the District of

Utah because Defendant Thaine Fischer resides within this district and under 28 U.S.C.

§ 1391(c), East Bench, which is engaging in contracts regarding the management and

improvement of real property within Utah, is also deemed to reside within this district.

6.      Venue in this District is proper pursuant to Section 22(a) of the Securities Act (15 U.S.C.

§ 77v(a)), and Section 27 of the Exchange Act (15 U.S.C. § 78aa) because multiple

defendants transact their affairs, have agents, are found, and reside within the District of Utah,

and acts or transactions constituting federal securities law violations occurred within the

District of Utah.

## III.   FACTUAL ALLEGATIONS

7.      The Plaintiffs are members of various limited liability companies which own real

property in Weber County, State of Utah.

8.      The Plaintiffs were solicited by Thaine Fischer to invest in these limited liability

companies.

9.      These companies were each managed by Thaine Fischer.

10.     The Plaintiffs' investment and participation in these companies fit the definition of "Investment Contract" in Utah Code Ann. §61-1-13(1)(s).

11.     The investments were a common enterprise with an expectation of profit derived from the essential management efforts of Thaine Fischer and/or East Bench.

12.     In addition to promoting investment in various companies, Thaine Fischer also acted and continues to act, through his own company East Bench, as a manager for these companies.

13.     Thaine Fischer receives regular compensation for his management services.

14.     As part of his management services Thaine Fischer provides oversight of the company's real estate investments and other financial endeavors.

15.     The Plaintiffs are participating in at least two Investment Contracts with Thaine Fischer and East Bench.

16.     Both involve investment in real property located within Weber County.

17.     Thaine Fischer solicited the Plaintiffs to invest in companies which would then purchase distressed real property in Ogden City.

18.     These real properties would be renovated under Thaine Fischer's direction with the represented intention that they would then rented or sold for a profit to the members of the company owning the real property.

19.     The first real property that was selected was a commercial building located in Ogden Utah on Historic 25th Street and known as the Star Noodle Building.

20.     Thaine Fischer presented this investment opportunity to the Plaintiffs along with reports and projections that he had prepared or had prepared regarding the investment's profitability.

21.     The Plaintiffs each agreed to invest in the company called the Star Noodle LLC.

22.     The Star Noodle LLC was funded by the Plaintiffs and then managed by Thaine Fischer through East Bench.

23.     Each plaintiff paid in funds as follows: Tracy Regan and Dennis Regan contributed $140,000, and Trent and Pamela Regan contributed $70,000.  Trent Regan's portion of this money was $15,000.

24.     Thaine Fischer used the money invested into Star Noodle LLC to purchase the Star Noodle building.

25.     After over a year, virtually no renovations had taken place on the Star Noodle building.

26.     Thaine Fischer was not disclosing the extent to which no work was being done on the Star Noodle building and was making affirmative representations that it was progressing well.

27.     When the actual progress of the renovations was discovered, the Plaintiffs requested more progress on the investment and started to keep a closer watch over what was going on.

28.     Thaine Fischer assured them that work was being done to move the investment toward profitability.  This included securing the building to prevent intrusion by people and animals and putting on a new roof.

29.     During this time, Thaine Fischer and East Bench were receiving fees for managerial services that they were claiming to provide to Star Noodle LLC.

30.     In March of 2008, Thaine Fischer solicited the Plaintiffs for a second investment.

31.     Thaine Fischer first approached the Plaintiffs with a report that the Star Noodle building would be getting a new roof within the next thirty days.  This was on approximately March 10, 2008.

32.     He also told the Plaintiffs that it would be necessary to purchase the building next door to the Star Noodle building, the building located at 221 25th Street.

33.     Thaine Fischer advised that this investment would be necessary to better develop the Star Noodle property as well as necessary to make the needed improvements to the Star Noodle land.

34.     Thaine Fischer advised that improvements to the vacant land owned by Star Noodle LLC would require permission from whoever owned 221 25th Street; thus, he recommended purchasing the building to expedite improvements to the Star Noodle property.

35.     As part of the investment in the 221 25th building, Thaine Fischer also advised that Ogden City would give the company, 221 25th Street LLC, a favorable loan of $90,000.00 to use for renovations and improvements.

36.     Thaine Fischer represented that 221 25th Street was in better condition than the Star Noodle building and he advised that it could be easily renovated to be rented out quickly along with the Star Noodle building.

37.     It was on March 10, 2008 that Thaine Fischer told them that they would need to decide by March 20, 2008 on whether to buy 221 25th Street.

38.     On approximately March 18, 2008, Thaine Fischer represented that the roof for Star Noodle would be complete within 30 days.

39.     Based upon Thaine Fischer's advice on the necessity of the investment to the current investment contract involving Star Noodle LLC and his representation that the Star Noodle roof was near completion, the Plaintiffs believed that a second investment was warranted by Thaine Fischer's progress with the Star Noodle building as well as by his representations regarding the necessity of the investment.

40.     The Plaintiffs each sent additional funds to Thaine Fischer and East Bench.

41.     Tracy Regan contributed $30,555 andDennis Regan contributed $30,555.  Trent and Pamela Regan contributed $30,555, and all of this money came from Trent Regan's separate funds and he has a right to all of it.

42.     Thaine Fischer used these funds to create member interests for each of the Plaintiffs in the company 221 25th Street LLC.

43.     221 25th Street LLC then purchased the 221 25th Street building.

44.     Thaine Fischer received $90,000.00 from the city on behalf of 221 25th Street LLC, and Thaine Fischer used it to purchase a membership in 221 25th Street for East Bench. Thaine Fischer had represented that he was going to get a $90,000.00 loan from Ogden City for needed improvements to the building.  He did not disclose that instead he got a $90,000.00 loan from Ogden City to finance his buy-in of 221 25th Street LLC and to hide from the Plaintiffs a shortfall in investment money.  Ogden City required Thaine Fischer to encumber the 221 25th Street property as collateral for this loan.

45.     Thaine Fischer did not inform the Plaintiffs that he was not going to have money to make any rough improvements to the building.

46.     The Plaintiffs later learned that Thaine Fischer could have pursued an additional loan for the improvements.

47.     The availability of this money to make improvements to 221 25th Street was a material consideration for the Plaintiffs' investment in the company as was the advice that Thaine Fischer gave regarding the time to make those renovations and the representations he made regarding progress on the Star Noodle building.

48.     The Operating Agreement for 221 25th Street includes a provision representing that the purchase price of the property included the costs of rough improvements.  This was a very important and material representation to the Plaintiffs.

49.     No rough improvements were made or have been made.

50.     No money was ever available to make rough improvements.

51.     The Star Noodle building never received a new roof, even though the business account had an entry indicating that a new roof had been paid for.

52.     When the Plaintiffs confronted Thaine Fischer about the accounting showing the roof was paid for, he told them it was just a mistaken entry.

53.     To date, no improvements or renovations have been made to 221 25th Street and it remains in a condition of disrepair and is not in a viable rental or resale situation.

54.     Later, when confronted by the Plaintiffs about the lack of work being done on 221 25th Street, Thaine Fischer admitted that he had no intention of doing any renovations to 221 25th Street until he had finished working on the Star Noodle building.  This was a completely different representation than the representations Thaine Fischer had made to induce the

Plaintiffs' investment.  Thaine Fischer's representations that the building could be purchased and quickly renovated for marketable use was a material inducement to the Plaintiffs.

55.     When the Plaintiffs asked about the progress of the Star Noodle roof they were told that the roof was never completed.

56.     To date the new roof has yet to be installed on the Star Noodle building.

57.     With no renovations to Star Noodle and 221 25th Street the Plaintiffs began to worry about their investments.

58.     In 2010, Thaine Fischer sent each Plaintiff a request for a capital call indicating that 221 25th Street LLC was out of money.

59.     The Plaintiffs refused and demanded a full accounting of what had done with their money.

60.     Thaine Fischer and East Bench provided an incomplete accounting of the money that the Plaintiffs had invested.

61.     Missing were any records prior to 2009 as well as bank statements for various bank accounts where money had been transferred.

62.     The accounting failed to provide an adequate explanation for what had happened to the $90,000.00 that Thaine Fischer had borrowed from the city.

63.     Ogden City currently has a Trust Deed securing this loan with the 221 25th Street building.

64.     That obligation is currently in arrears and the Plaintiffs' investment is threatened by foreclosure if the City should so choose.  Instead the City has allowed an extension on the

already past-due payment obligations of the Note.  The City has already permitted two extensions; however, Thaine Fischer has failed to provide the Plaintiffs with any type of plan to avoid an eventual default on that Note.

65.    The Operating Agreement bars Thaine Fischer and East Bench from encumbering the property without the approval of the Plaintiffs.

66.    Thaine Fischer misrepresented the circumstances and his intentions with regard to the ongoing investments and the potential investment in 221 25th Street LLC in order to induce the Plaintiffs to give him authorization to encumber the property.

67.    The Plaintiffs believed that East Bench and Thaine Fischer would provide cash just as the other investors for their interests in the company had.

68.    It was only later that the Plaintiffs realized that Thaine Fischer had not invested any of his own money in the company and that he had actually used the loan from Ogden City to fund his investment through East Bench.

69.    The Plaintiffs would have never authorized such an action.

70.    The Plaintiffs also learned that the proposal to purchase 221 25th Street that Thaine Fischer had made to the members of Star Noodle had not worked out.

71.    Not all of the investors that Thaine Fischer was counting on were willing to invest in 221 25th Street LLC.

72.    Thaine Fischer requested that the Plaintiffs increase their contributions to make up the difference, but the Plaintiffs would not agree to contribute more than $30,555.00 each.

73.  Later, Thaine Fischer informed the Plaintiffs that the additional shares had been taken care of and the necessary money was available to proceed as he had proposed.

74.  In reality, Thaine Fischer obtained a loan not for the renovations as he had promised, but instead used the money from Ogden City to make up the difference in the purchase price, so there was no money for improvements and he never sought any funds for renovations as he had promised in the initial offering.

75.  Thaine Fischer did not disclose that the additional money had come in the form of a loan and the Plaintiffs reasonably believed that he had found cash investors or that he had contributed his own cash.

76.  Thaine Fischer did not disclose that he had not found any additional investors but instead used the City loan as the additional money to purchase the building.

77.  The Plaintiffs believed that with their investment there would be enough money in the company to purchase the building and make the improvements needed to rent out the building in accordance with the Operating Agreement.

78.  With no improvement money available, 221 25th Street LLC was left with no more capital to make the needed improvements to make the building rentable.

79.  In 2010 Thaine Fischer and East Bench sent a capital call for additional funds for 221, 25th Street LLC.

80.  It was then that the Plaintiffs learned that there had been no money to make any improvements to 221 25th Street.

81.    Even with that capital call, Thaine Fischer and East Bench made no provisions for improvements.

82.    Instead the bulk of the capital call was for Thaine Fischer's ongoing management fees. To date, Thaine Fischer has provided the Plaintiffs with no accounting of his management activities and has expressly admitted to the Plaintiffs that he never intended to do anything with the Plaintiffs' investment in 221 25th Street other than pay ongoing operating expenses and his management fees.  This is in direct contradiction to his representations which induced the Plaintiffs to invest with him.

83.    Thaine Fischer had failed to inform them that he had failed to secure the amount of funds as he had first proposed.

84.    Thaine Fischer and East Bench have transferred money in and out of 221 25th Street accounts for other investments, including the Star Noodle LLC.

85.    Thaine Fischer has failed to provide an adequate accounting of the business purpose for these transfers.

86.    Thaine Fischer and East Bench's actions amount to creating an investment scheme under which they promised high returns and subsequently drained money from the projects.

87.    Thaine Fischer and East Bench solicited participation by individual investors through the use of the mails, the internet, and telephone communication.

88.    Thaine Fischer suggested that there was little or no risk involved in the investment.

IV.    CLAIMS FOR RELIEF

**First Claim for Relief: Fraud pursuant to <u>Von Hake v. Thomas</u>, 705 P.2d 766 (Utah 1985)**

89.    The Plaintiffs incorporate all prior paragraphs as if fully set forth below.

90.    T he Defendants purposefully represented conditions of the improvements to the Star

Noodle Building, LLC, the amount of money available for rough improvements to 221 25th

Street, the number of investors involved, and the time for improvements to 221 25th Street

would be made and the encumbering of 221 25th Street to Ogden City.

91.    These representations were false.

92.    The Defendants knew they were false at the time they made these representations, made

them recklessly without regard to the truth, or when the Defendants learned that the

representations were false they had a special duty to disclose this information to the Plaintiffs.

93.    The Defendants also consistently withheld material information from the Plaintiffs

regarding the investments.

94.    The Plaintiffs relied upon these representations and invested additional money with the

Defendants for the purpose of forming a company that would purchase 221 25th Street.

95.    The Defendants made these representations with the intent that the Plaintiffs would rely

upon them in making their decision to provide the Defendants with additional money.

96.    The Plaintiffs were in fact induced to act and did act reasonably in reliance upon the

Defendants' representations.

97.     The Defendants had a special and confidential relationship with the Plaintiffs when they withheld the material information regarding the investments.

98.     The Defendants' actions constitute fraud, both fraudulent misrepresentation and fraudulent non-disclosure of material information.

99.     The Plaintiffs have been damaged by this fraud and must be compensated.

## Second Claim for Relief: Negligent Misrepresentation

100.    The Plaintiffs incorporate all prior paragraphs as if fully set forth below.

101.    The Defendants made representations regarding the improvements being made to the Star Noodle building and the circumstances of the potential purchase of 221 25th Street.

102.    The Defendants had a special duty to make informed and accurate representations to the Plaintiffs regarding these matters.

103.    The representations were not accurate and the Defendants made them recklessly and in breach of the duty owed to the Plaintiffs.

104.    The Plaintiffs were damaged by their reliance upon the Defendants' inaccurate representations.

105.    The Defendants' actions constitute negligent misrepresentation for which the Plaintiffs must be compensated for the damages incurred as a result of such.

## Third Claim for Relief: Breach of Fiduciary Duty

106.    The Plaintiffs incorporate all prior paragraphs as if fully set forth below.

107.    Thaine Fischer and East Bench acted as the agents and representatives for the Plaintiffs with regard to the investment in 221 25th Street.

108.    As such they owed the Plaintiffs fiduciary duties.

109.    The Defendants have breached those fiduciary duties by failing to act in the Plaintiffs best interests and by engaging in self dealing.

110.    The Plaintiffs have been damaged by this breach of fiduciary duty.

**Fourth Claim for Relief: Fraudulent Non-disclosure
pursuant to Mitchell v. Christensen, 31 P.3d 572 (Utah 2001)**

111.    The Plaintiffs incorporate all prior paragraphs as if fully set forth below.

112.    The Defendants owed the Plaintiffs a duty to disclose material information regarding the purchase of real property and the circumstances surrounding the investment of real property.

113.    The Defendants had knowledge that the Star Noodle roof was not going to be repaired within thirty days.

114.    The Defendants had knowledge that there was not going to be sufficient investment capital to purchase the 221 25th Street building and make any improvements.

115.    The Defendants had knowledge that Ogden City was loaning East Bench funds for the purchase of the property but was not providing any financing for improvements.

116.    This information was all material to the Plaintiffs' decision to purchase the property.

117.    The Defendants failed or willfully withheld disclosure of this material information even though they had a duty to disclose such to the Plaintiffs.

118.    The Defendants' actions constitute fraudulent non-disclosure and the Plaintiffs have been

damaged by such.

**Fifth Claim for Relief: Alter Ego and Veil Piercing (Thaine Fischer)**

119.    The Plaintiffs incorporate all prior paragraphs as if fully set forth below.

120.    Upon information and belief, Thaine Fischer is the sole owner, member, and manager of

the company East Bench.

121.    Thaine Fischer has used East Bench as a façade for his own personal business dealings.

122.    This includes entering into fiduciary arrangements with investors and inducing them to

allow East Bench to manage these investments.

123.    Thaine Fischer is the sole principal of East Bench and has directly and exclusively been

the individual carrying out the obligations of East Bench on behalf of and for the Plaintiffs.

124.    Thaine Fischer uses East Bench as a means of avoiding responsibility for his actions and

for the representations he makes as the actual person conducting the management activities of

the investment company, 221 25th Street, LLC.

125.    As the manager of 221, 25th Street LLC and as the manager of East Bench, Thaine

Fischer has acted as a fiduciary for the Plaintiffs.

126.    Thaine Fischer has also used his positions to engage in self dealing, misrepresentation,

and concealment of material facts from the Plaintiffs.

127.    If East Bench is allowed to shield Thaine Fischer from these activities then it shall work a

fraud upon the Plaintiffs.

128.    Therefore, Thaine Fischer must be found to be personally liable for all amounts owing

with no deference to the limits of liability imposed by a limited liability company.

### Sixth Claim for Relief: Securities Fraud under Utah Code Ann. § 61-1-1

129.    The Plaintiffs incorporate all prior paragraphs as if fully set forth below.

130.    Defendants sold or issued securities to Plaintiffs.

131.    Defendants made untrue statements of a material fact or omitted to state a material fact

necessary in order to make the statements made, in the light of the circumstances under which

they are made, not misleading.

132.    Pursuant to Utah Code Ann. § 61-1-22(1) Defendants are liable for the consideration paid

for the security, together with interest at 12% per year from the date of payment, costs, and

reasonable attorney fees.

133.    Defendants' misstatements and omissions were reckless or intentional and Plaintiff is

therefore entitled to treble damages under Utah Code Ann. § 61-1-22(2).

134.    Defendants' acts are wrongful acts sufficient to justify the imposition of a constructive

trust, the appointment of a receiver, and/or the issuance of injunctive relief designed to

prevent Defendants from dissipating funds and to assist Plaintiffs in recovering their funds.

135.    Thaine Fischer is a partner, officer, or director of Defendant entities or is a person

occupying a similar status or performing similar functions or is an employee of such a seller

or buyer and materially aided in the sale or purchase and is therefore jointly and severally

liable to the same extent as the entities.

### Seventh Claim for Relief: Selling an Unregistered Security
### as Prohibited by Utah Code Ann. § 61-1-7

136.    Plaintiffs incorporate all prior paragraphs as if fully set forth below.

137.    Defendant Thaine Fischer and/or Defendant East Bench sold or issued securities to

Plaintiffs.

138.    Defendant Thaine Fischer sold securities which were not registered as required by Utah

Code Ann. § 61-1-7.

139.    Pursuant to Utah Code Ann. § 61-1-22(1) Defendants are liable for the consideration paid

for the security, together with interest at 12% per year from the date of payment, costs, and

reasonable attorney fees.

140.    Third-Party Defendants made misstatements and omissions, and those misstatements or

omissions were reckless or intentional.

141.    Plaintiffs are therefore entitled to treble damages under Utah Code Ann.§ 61-1-22(2).

142.    Thaine Fischer is a partner, officer, or director of Defendant East Bench or is a person

occupying a similar status or performing similar functions or is an employee of East Bench

and materially aided in the sale or purchase and is therefore jointly and severally liable to the

same extent as East Bench.

### Eighth Claim for Relief: Violation of Section 12(a)(1) of the Securities Act
Sale of Unregistered Security.  Codified at 15 U.S.C. 77l(a)(1).

143.    The Plaintiffs incorporate all prior paragraphs as if fully set forth herein.

144.    The Defendants offered and sold securities in the form of the Investment Contracts.

145.    Each such Investment Contract offered by the Defendants constitutes a security pursuant to Section 2(a)(1) of the Securities Act (15 U.S.C.A. § 77b) and Section 3(a)(10) of the Exchange Act.

146.    Defendants offered Plaintiffs a contract, transaction or scheme whereby Plaintiffs made an investment of money in a common enterprise offered, sold and/or promoted by the Defendants with the expectation of profits solely through the efforts of others.

147.    No registration statement for these securities was filed, or was in effect, in accordance with federal and applicable state securities requirements and the securities were sold in violation of Section 5(a) and 5(c) of the Securities Act (15 U.S.C.A. §§ 77e(a) and 77e(c)).

148.    The individual Defendants have, by engaging in the conduct set forth above, directly or indirectly, through use of means or instruments of transportation or communication in interstate commerce or the mails, sold a security in violation of Section 5 of the Securities Act and are strictly personally liable pursuant to Section 12(a)(1) of the Securities Act (15 U.S.C.A. § 77l) in an amount to be proven at trial.

149.    Defendants Fischer and East Bench had the ability to control, and through their officers and directors, had the knowledge of (or should have had the knowledge of) and culpably participated to a significant degree in violation of the securities law and are therefore jointly and severally liable for the violations in accordance with § 15 of the Securities Act and/or § 20(a) of the Exchange Act [15 U.S.C.A. § 77o and 15 U.S.C.A. § 78t(a)].

150.    In addition, the above named Defendants are secondarily liable through the theories of respondeat superior, common law agency, corporate alter-ego, and by piercing the corporate veil.

**Ninth Claim for Relief: Violation of Section 12(a)(2) of the Securities Act**
Untrue or Misleading Statement in Connection With the Sale of a Security.
Codified at 15 U.S.C. 77l(a)(2)

151.    The Plaintiffs incorporate all prior paragraphs as if fully set forth herein.

152.    Defendants made a public offering to sell unregistered securities in the form of the Investment Contract.

153.    Each such Investment Contract offered by Defendants constitutes a security pursuant to Section 2(a)(1) of the Securities Act and Section 3(a)(10) of the Exchange Act. The investment made by Plaintiffs was consideration for a contract, transaction or scheme whereby Plaintiffs made an investment of money in a common enterprise offered, sold and/or promoted by the Defendants with the expectation of profits solely through the efforts of others.

154.    No registration statement for these securities was filed or was in effect as required by federal and applicable state securities laws and the securities were sold in violation of Section 5(a) and 5(c) of the Securities Act (15 U.S.C.A. §§ 77e(a) and 77e(c)).

155.    The Defendants have, by engaging in the conduct set forth above, offered and sold Plaintiffs securities, directly or indirectly, through use of means or instruments of transportation or communication in interstate commerce or the mails, in connection with a

public offering, by means of a written prospectus or oral communication including an untrue statement of material fact or omission, without the actual knowledge of Plaintiffs of the untruth or omission at the time of the offer or sale. Accordingly, the Defendants are strictly liable pursuant to Section 12(a)(2) of the Securities Act (15 U.S.C.A. § 77l(a)(2)) in an amount to be proven at trial.

156.    Defendant Troy Regan and Defendant East Bench had the ability to control, and through their officers and directors, had the knowledge of (or should have had the knowledge of) and culpably participated to a significant degree in violation of the securities law and are therefore jointly and severally liable for violations in accordance with § 15 of the Securities Act and/or § 20(a) of the Exchange Act (15 U.S.C.A. § 77o and 15 U.S.C.A. § 78t(a)).

157.    In addition, the above named Defendants are secondarily liable through the theories of respondeat superior, common law agency, corporate alter-ego, and by piercing the corporate veil.

**Tenth Cause of Action: Violation of Section 10(b) of the Exchange Act and Rule 10b-5**
Untrue Statements or Misleading Omissions in Connection With the Sale of a Security.
Codified at 15 U.S.C. 78j(b) and 17 C.F.R. §240.10b-5.

158.    The Plaintiffs incorporate all prior paragraphs as if fully set forth herein.

159.    The Defendants offered and sold securities in the form of investments in specific real estate properties.

160.    These investments constitute unregistered securities in the form of the Investment Contract, Construction Loan Agreement, Additional Loans and/or Loan Extensions.

161.    Each such Investment Contract offered by the Defendants and each such Construction

Loan Agreement, Additional Loan and Loan Extension offered by the Defendants constitutes

a security pursuant to Section 2(a)(1) of the Securities Act and Section 3(a)(10) of the

Exchange Act. The construction loans arranged by the Defendants in the name of each of

Plaintiffs were consideration for a contract, transaction or scheme whereby Plaintiffs made an

investment of money in a common enterprise offered, sold and/or promoted by the

Defendants with the expectation of profits solely through the efforts of others.

162.    The Defendants offered and sold these securities through the use of telephone

communication, the internet, email, the mails, and other means and instruments of interstate

commerce.

163.    The Defendants, by engaging in the conduct set forth above, directly or indirectly, by the

use of means or instruments of interstate commerce, or by the use of the mails, with scienter

have: (a) employed devices, schemes or artifices to defraud; (b) made untrue statements of

material fact or omitted to state material facts necessary in order to make the statements made,

in light of the circumstances under which they were made, not misleading; or (c) engaged in

acts, practices or courses of business which operated or would operate as a fraud or deceit

upon other persons, in connection with the purchase or sale of securities including, but not

limited to, to following:

  a.    Representing to Plaintiffs that their investments were secure and low risk because they

        were secured by the real property when, in fact, the Investment Contracts were high-risk

        securities that placed the majority of the risk on Plaintiffs;

b. Representing to Plaintiffs that East Bench would not profit unless Plaintiffs also profited when, in fact, Defendants collected thousands of dollars in management fees from Plaintiffs accounts and otherwise profited from Plaintiffs;

c. Representing to Plaintiffs that construction or improvement of the properties would proceed immediately when, in fact, there was not sufficient capital to start improvement and other matters needed resolved before improvement could commence;

d. Representing that a new roof had been installed when in fact one had not, in connection with soliciting investment in the second Investment Contract;

e. Representing that a loan was available from Ogden City to be used for improvement when East Bench in fact intended to use such loan for its purchase into the project; and

f. Failing to disclose that additional investments would be necessary beyond those made by Plaintiffs and Defendants, such that if additional investors were not found the project would fail or Plaintiffs would have to provide additional funds.

164.    By reason of the foregoing, the Defendants, and East Bench employees and associates, have directly or indirectly violated Section 10(b) of the Exchange Act (15 U.S.C. 78j(b)) and Rule 10b-5 (17 C.F.R. § 240.10b-5) and are liable for damages in an amount to be proven at trial.

165.    The Defendants had the ability to control, and through their officers and directors, had the knowledge of (or should have had the knowledge of) and culpably participated to a significant degree in violation of securities law and are therefore jointly and severally liable for the

violations in accordance with § 15 of the Securities Act and/or § 20(a) of the Exchange Act (15 U.S.C.A. § 77o and 15 U.S.C.A. § 78t(a)).

166.    In addition, the above named Defendants are secondarily liable through the theories of respondeat superior, common law agency, corporate alter-ego, and by piercing the corporate veil.

## V.    PRAYER FOR RELIEF

WHEREFORE, The Plaintiffs pray that this Court enter judgment and order as follows:

### First Claim for Relief: Fraud

167.    That Defendants pay Plaintiffs in an amount to be proven at trial, but no less than $246,665.00, for fraud damages, and disgorgement of all fees collected by Defendants.

168.    That Defendants pay Plaintiffs for all court costs and attorney's fees incurred in bringing this claim.

169.    That Defendants pay interest on all amounts awarded as permitted by law.

170.    That Defendants pay Plaintiffs punitive damages as may be awarded by this Court.

171.    For declaratory judgment that East Bench is no longer fit to act as the managing member of 221 25th Street, LLC and for its removal as the managing member.

172.    That Defendants provide Plaintiffs all relief that this Court deems just and equitable.

### Second Claim for Relief: Negligent Misrepresentation

173.    That Defendants pay Plaintiffs in an amount to be proven at trial, but no less than $246,665.00, and disgorgement of all fees collected by Defendants.

174.    That Defendants pay Plaintiffs for all court costs and attorney's fees incurred in bringing this claim.

175.    That Defendants pay interest on all amounts awarded as permitted by law.

176.    That Defendants pay Plaintiffs punitive damages as may be awarded by this Court.

177.    For declaratory judgment that East Bench is no longer fit to act as the managing member of 221 25th Street, LLC and for its removal as the managing member.

178.    That Defendants provide Plaintiffs all relief that this Court deems just and equitable.

### Third Claim for Relief: Breach of Fiduciary Duty

179.    That the Court find that Defendants breached their fiduciary duties to the Plaintiffs.

180.    That a judgment enter in the amount necessary to compensate Plaintiffs.

181.    That Defendants provide Plaintiffs all relief that this Court deems just and equitable.

### Fourth Claim for Relief: Fraudulent Non-disclosure

182.    That Defendants pay Plaintiffs in an amount to be proven at trial, but no less than $246,665.00, and disgorgement of all fees collected by Defendants.

183.    That Defendants pay Plaintiffs for all court costs and attorney's fees incurred in bringing this claim.

184.    That Defendants pay interest on all amounts awarded as permitted by law.

185.    That Defendants pay Plaintiffs punitive damages as may be awarded by this Court.

186.    For declaratory judgment that East Bench is no longer fit to act as the managing member of 221 25th Street, LLC and for its removal as the managing member.

187.    That Defendants provide Plaintiffs all relief that this Court deems just and equitable.

### Fifth Claim for Relief: Alter Ego and Veil Piercing

188.    For declaratory that East Bench is the alter ego of Thaine Fischer.

189.    For declaratory judgment that a fraud would be perpetrated upon the Plaintiffs is this Court were to honor the company liability shield of East Bench.

190.    For declaratory judgment that Thaine Fischer is personally liable to the extent that East Bench is deemed liable.

191.    For declaratory judgment that East Bench is no longer fit to act as the managing member of 221 25th Street, LLC and for its removal as the managing member.

### Sixth Claim for Relief: Securities Fraud under Utah Code Ann. § 61-1-1

192.    That the Court find that Defendants violated Utah Code Ann. § 61-1-1 by making untrue statements as to material facts or to omitted to state a material fact which omission made other statements misleading.

193.    That the Court enter judgment in favor of Plaintiffs in the amount of the consideration paid for the security, $246,665, together with interest at 12% per year from the date of payment, as provided by Utah Code Ann. § 61-1-22.

194.    That the Court award costs, and reasonable attorney fees.

195.    That the Court find that Defendants' misstatements and omissions were reckless or intentional and therefore award treble damages on the amount awarded.

196.    That the Court find East Bench and Thaine Fischer jointly and severally liable.

197.    That the Court order any other relief which it deems just and equitable.

**Seventh Claim for Relief: Selling an Unregistered Security
as Prohibited by Utah Code Ann. § 61-1-7**

198.    That the Court find that Defendants sold an unregistered security in violation of Utah

Code Ann. § 61-1-7.

199.    That the Court enter judgment in favor of Plaintiffs in the amount of the consideration

paid for the security, $246,665, together with interest at 12% per year from the date of

payment, as provided by Utah Code Ann. § 61-1-22.

200.    That the Court award costs, and reasonable attorney fees.

201.    That the Court find that Defendants' misstatements and omissions were reckless or

intentional and therefore award treble damages on the amount awarded.

202.    That the Court find East Bench and Thaine Fischer jointly and severally liable.

203.    That the Court order any other relief which it deems just and equitable.

**Eighth Claim for Relief: Violation of Section 12(a)(1) of the Securities Act**

204.    That the Court find that Defendants made a public offering to sell unregistered securities

and knowingly made untrue statements of material fact or omissions.

205.    That Defendants be held strictly liable for damages in an amount to be proven.

206.    That East Bench and Thaine Fischer be jointly and severally liable for violations in

accordance with 15 U.S.C.A. § 77o and 15 U.S.C.A. § 78t(a).

207.    That the Court order any other relief which it deems just and equitable.

**Ninth Claim for Relief: Violation of Section 12(a)(2) of the Securities Act**

208.   That the Court find that in connection with the sale of a security the Defendants, by the use of means or instruments of interstate commerce, or by the use of the mails, with scienter have: (a) employed devices, schemes or artifices to defraud; (b) made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) engaged in acts, practices or courses of business which operated or would operate as a fraud or deceit upon other persons, in connection with the purchase or sale of securities.

209.   That Defendants be held liable for damages in an amount to be proven at trial.

210.   That Defendants East Bench and Thaine Fischer be jointly and severally liable for the damages proven.

211.   That the Court order any other relief which it deems just and equitable.

**Tenth Cause of Action: Violation of Section 10(b) of the Exchange Act and Rule 10b-5**

212.   That the Court find that in connection with the sale of a security the Defendants, by the use of means or instruments of interstate commerce, or by the use of the mails, with scienter have: (a) employed devices, schemes or artifices to defraud; (b) made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) engaged in acts, practices or courses of business which operated or would operate as a fraud or deceit upon other persons, in connection with the purchase or sale of securities.

213.     That Defendants be held liable for damages in an amount to be proven at trial.

214.     That Defendants East Bench and Thaine Fischer be jointly and severally liable for the

damages proven.

215.     That the Court order any other relief which it deems just and equitable.


Dated this 15th day of July, 2011.

FROERER AHLSTROM, PLLC


/s/  Zane S. Froerer
Zane S. Froerer
Attorneys for *Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of July, 2011, I sent a true and correct copy of the

foregoing **First Amended Complaint** by first class US Mail to the following individuals:


Thaine Fischer
2444 Washington Blvd
Ogden UT 84401


East Bench Management
2444 Washington Blvd
Ogden UT 84401


Martin J. Mccue
7110 E. McDonald Dr Suite B2
Scottsdale  AZ  85253-0001
*Out of state counsel for Defendants*


/s/  Zane S. Froerer
Zane S. Froerer