IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| TRACY REGAN, DENNIS REGAN, and TRENT REGAN,<br><br>Plaintiffs,<br><br>vs.<br><br>EAST BENCH MANAGEMENT, INC., and THAINE FISCHER,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION TO WITHDRAW AS COUNSEL<br><br><br>Case No. 1:11-CV-110 TS |

This matter is before the Court on Attorneys Jeffery A. Callister and Joseph E. Hatch's ("the Attorneys") Motion to Withdraw as Counsel.[1] In their Motion, the Attorneys seek to withdraw as counsel for Defendants East Bench Management, Inc. and Thaine Fischer. As this withdrawal would leave Defendants without representation, Attorneys' Motion must comply with DUCivR 83-1.4. The Motion does not comply with DUCivR 83-1.4(1)(A) in that it does not contain

> (iii) notice that if the motion is granted and no Notice of Substitution of Counsel has been filed, the client must file a notice of appearance within twenty-one (21) days after entry of the order, unless otherwise ordered by the court, (iv) notice that pursuant to DUCivR 83-1.3, no corporation, association, partnership, limited liability company or other artificial entity may appear pro se, but must be represented by an attorney who is admitted to practice in this court, and (v)

---

[1] Docket No. 17.

1

certification by the moving attorney that the motion was sent to the moving attorney's client and all parties.[2]

The Proposed Order also does not comply with 83-1.4(1)(B) in that it does not state

> that (i) unless a Notice of Substitution of Counsel has been filed, within twenty-one (21) days after entry of the order, or within the time otherwise required by the court, the unrepresented party shall file a notice of appearance, (ii) that no corporation, association, partnership, limited liability company or other artificial entity may appear pro se, but must be represented by an attorney who is admitted to practice in this court, and (iii) that a party who fails to file such a Notice of Substitution of Counsel or Notice of Appearance may be subject to sanction pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment.[3]

As the Motion and Proposed Order do not comply with the local rules, the Court will deny Attorneys' Motion without prejudice. Court provided forms for a Motion for Withdrawal of Counsel and a Proposed Order Granting Motion for Withdrawal of Counsel are available at the Court's website at http://www.utd.uscourts.gov/documents/formpage.html.

Based on the foregoing, it is therefore

ORDERED that the Attorneys Motion to Withdraw as Counsel (Docket No. 17) is DENIED WITHOUT PREJUDICE.

---

[2] DUCivR 83-1.4(1)(A).

[3] DUCivR 83-1.4(1)(B).

DATED  November 8, 2011.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge